UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Caleb Whitfield,                                          Case No. 3:25-cv-779

          Plaintiff,

    v.                                                  MEMORANDUM OPINION
                                        AND ORDER

Lt. Hartford, *et al.*,

          Defendants.

## I.    INTRODUCTION

Defendants Lt. Hartford and Correctional Officer Fahle moved to dismiss *pro se* Plaintiff Caleb Whitfield's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 6). Whitfield opposed Defendants' motion, (Doc. No. 8), and Defendants filed a brief in reply.  (Doc. No. 9).  Whitfield then filed a sur-reply brief, (Doc. No. 10), which Defendants moved to strike. (Doc. No. 12).  Whitfield filed a brief in opposition to the motion to strike and for leave to file the sur-reply, (Doc. No. 13), as well as a motion to schedule discovery.  (Doc. No. 15).  For the reasons stated below, I grant Defendants' motion to dismiss and deny the remaining motions.

## II.    BACKGROUND

At all times relevant to this case, Whitfield was incarcerated in the Toledo Correctional Institution in Toledo, Ohio.  He alleges that, on April 19, 2023, he was in his housing unit picking up his commissary order when he noticed another incarcerated individual arguing with a correctional officer.  (Doc. No. 1 at 3).  After Whitfield returned to his cell, he heard someone yell the command "'lock down!!' 'lock down!!'" and also heard cell doors closing.  (*Id.*).  Whitfield alleges he was unsure

if the lock-down command was directed to everyone in the housing unit or only certain incarcerated individuals, so he exited his cell and walked toward a unit door to talk to staff members and a supervisor who were located outside the unit. (*Id.* at 3-4).

When Whitfield "ask[ed] loudly" whether he needed to lock down too, Fahle allegedly pointed a pepper ball gun at him and directed him to lock down. (*Id.* at 4). Whitfield alleges he put his hands up, said "'okay,'" turned around, and took two or three steps toward his cell. (*Id.*). He claims that Fahle then fired a pepper ball in his direction. (*Id.*). Fahle acknowledges he does not recall being struck by the pepper ball, but he alleges the released chemicals caused him to cough, made it difficult to breath, made his nose run, and gave him a "feeling of pressure on [his] chest." (*Id.*). Whitfield then was taken to restrictive housing. (*Id.* at 5).

Whitfield alleges he reviewed recordings from security cameras and body-worn cameras showing Hartford gave Fahle the command to fire the pepper ball gun as Whitfield turned around to walk back to his cell. (*Id.* at 4). Whitfield asserts that, in these circumstances, Hartford and Fahle's use of force "was unnecessary and not applied in good faith to maintain and/or restore discipline but rather to cause harm." (*Id.*).

## III.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV. ANALYSIS

**A. MOTION TO STRIKE**

Defendants move to strike Whitfield's sur-reply brief, arguing Whitfield did not obtain leave to file that brief and that he failed to demonstrate a need to file one because he had not identified any issues Defendants raised for the first time in their reply brief. (Doc. No. 12). Whitfield opposes Defendants' motion and seeks an order permitting him to file the sur-reply brief. (Doc. No. 13).

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court expressly address whether and under what circumstances a sur-reply brief may be appropriate. Courts often consider whether the party seeking to file the sur-reply brief has provided good cause for that brief, such as the need to address an issue that was raised for the first time in a reply brief. *See, e.g., Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010). *Cf. White v. Honda of Am. Mfg., Inc.*, 191 F. Supp. 2d 933, 944 (S.D. Ohio 2002) (A party does not establish good cause for filing a sur-reply simply by offering arguments which "will be helpful" in resolving the motion at issue.).

Given Whitfield's status as a *pro se* plaintiff, I conclude it would not be appropriate to deny his motion for leave to file his sur-reply simply because he filed it belatedly. But Whitfield has not shown good cause to file a sur-reply brief, because he does not identify any issue or argument Defendants raised for the first time in their reply brief. (*See* Doc. Nos. 10 and 13). Therefore, I deny Whitfield's motion for leave.

But nor do the Federal Rules of Civil Procedure provide for motions to strike briefing. *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (affirming district court's denial of motion to strike exhibits to a summary judgment motion). Under Rule 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of this motion is to "'avoid the expenditure of time and

money that must arise from litigating spurious issues by dispensing with' them early in the case."

*Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted).

Defendants' motion does not identify any allegations or other statements in a pleading and, therefore, I deny their motion to strike Whitfield's sur-reply brief. But because I have concluded Whitfield failed to establish good cause to support leave to file that brief, I will not consider its contents in ruling on Defendants' motion to dismiss.

**B.     USE OF FORCE**

The Eighth Amendment protects prison inmates from the use of force by a correctional officer that amounts to cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1992). To state a claim for a violation of the Eighth Amendment's cruel-and-unusual-punishments clause, the plaintiff must satisfy an objective component (that "the pain inflicted [was] . . . sufficiently serious"), and a subjective component (that the "prison official act[ed] with a sufficiently culpable state of mind"). *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (citations and internal quotation marks omitted). A court considering an inmate's claim that a corrections officer used excessive force in violation of the Eighth Amendment must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Rafferty*, 915 F.3d at 1094 ("[W]hen a prisoner alleges excessive force, the subjective component requires a heightened showing that the prison official acted 'maliciously and sadistically for the very purpose of causing harm.'") (quoting *Hudson*, 503 U.S. at 6).

"[T]he Supreme Court has identified several factors to consider [in deciding whether a jury could conclude a correctional officer acted with malicious intent]: What was the extent of the prisoner's injury? What was the nature of the threat that justified the use of force? Was the amount

of force proportional to the threat?  And did the officer take any actions designed to reduce the required amount of force?" *Johnson v. Sootsman*, 79 F.4th 608, 618 (6th Cir. 2023) (citing *Hudson*, 503 U.S. at 7).  Courts evaluate the nature of the threat as "'reasonably perceived by the responsible officials.'"  *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).  Because prison officials 'must make their decisions in haste, under pressure, and frequently without the luxury of a second chance,' we must grant them 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"  *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (quoting *Hudson*, 503 U.S. at 6).

Defendants argue Whitfield fails to state a plausible excessive force claim because he has not sufficiently alleged that they discharged the pepper ball gun to maliciously cause Whitfield pain. (Doc. No. 6).  I agree.

I first consider the extent of Whitfield's alleged injuries.  He asserts the chemicals released by the pepper ball caused him to have difficulty breathing, cough, and feel pressure in his chest, as well as caused his nose to run.  (Doc. No. 1 at 4).  While I acknowledge these effects may have felt significant to Whitfield, "these were not overall 'serious' injuries in considering other injuries courts have examined."  *Miller v. Ohio Dep't of Rehab. & Corr.*, No. 4:24-CV-00076, 2025 WL 2371882, at *4 (N.D. Ohio Aug. 14, 2025) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004), for the proposition that "the use of OC spray 'merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray' and was not a significant injury") (emphasis removed).  As the *Miller* court noted in a case involving similar circumstances, "[a]t most, the injuries inflicted . . . were minor and not long-lasting."  *Miller*, 2025 WL 2371882, at *4.

I will consider the nature of the threat posed and the proportionality of Defendants' response together.  Whitfield alleges Hartford ordered Fahle to discharge the pepper ball gun after

he exited his cell to ask staff members about a lock down order. (Doc. No. 1 at 4). Courts within the Sixth Circuit have concluded that the use of pepper balls or OC spray after an inmate has disobeyed a direct order is proportional to the threat presented by the inmate. *See, e.g., Jennings*, 93 F. App'x at 725 (concluding use of pepper spray did not violate the Eighth Amendment because plaintiff "disobeyed repeated direct orders prior to the use of pepper spray"); *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 3:21-CV-1421, 2022 WL 4551478, at *5 (N.D. Ohio Sept. 29, 2022) (affirming dismissal of excessive force claim arising from correctional officer's use of pepper spray in response to plaintiff's "refusal to follow commands reasonably").

Whitfield argues Defendants' use of force was excessive because he was uncertain whether the initial lock down order applied to him and left his cell only for clarification and because the pepper ball was fired only after he turned around to return to his cell. (Doc. No. 8 at 3). Whitfield is correct that Rule 12 requires me to accept as true the factual allegations in his complaint. *Daily Servs.*, 756 F.3d at 896; (*see also* Doc. No. 8 at 3).

But the law also requires me evaluate these allegations as they would have been "reasonably perceived by the responsible officials." *Hudson*, 503 U.S. at 7 (citation and quotation marks omitted). And I also must "grant them wide-ranging deference in the . . . execution of . . . practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Combs*, 315 F.3d at 557 (citation and quotation marks omitted).

Taking Whitfield's allegations as true, Defendants knew Whitfield left his cell after an officer yelled "lock down!" and approached staff members located outside of the housing unit. Though Whitfield alleges he turned around and began to walk toward his cell in compliance, (Doc. No. 1 at 4), Defendants knew only that Whitfield was not in his cell after three lock-down orders had been given and in fact had exited his cell after the first two orders were given. "These facts would not 'permit a reasonable jury to draw the . . . inference that [Defendants] used force for no other reason

6

than to inflict pain or injure [Plaintiff].'"  *Miller*, 2025 WL 2371882, at *5 (quoting *Johnson*, 79 F.4th at 620) (alterations by *Miller*).

Lastly, I conclude Defendants took sufficient steps to de-escalate the situation by issuing oral commands before deploying the pepper ball gun.  *See Miller*, 2025 WL 2371882, at *6 ("During the course of this interaction, attempts to gain compliance without force were met with . . . resistance.").

For these reasons, I conclude Whitfield has not alleged a plausible claim for excessive use of force under the Eighth Amendment and dismiss his claim.

## V.     CONCLUSION

For the reasons stated above, I grant the motion of Defendants Hartford and Fahle to dismiss Plaintiff Caleb Whitfield's complaint for failure to state a claim upon which relief may be granted, (Doc. No. 6), deny Defendants' motion to strike Whitfield's sur-reply brief, (Doc. No. 12), and deny Whitfield's motion for leave to file that brief.  (Doc. No. 13).  Further, I deny Whitfield's motion for disclosure of Fahle's last known address and his motion to set a discovery schedule as moot.  (Doc. Nos. 7 and 15).  Finally, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge